## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIN HAWK BOYER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-cv-01659 |
| | ) | **ELECTRONICALLY FILED** |
| v. | ) | |
| | ) | |
| VAPHS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This is a civil case against the Veterans' Administration Health System allegedly related to the death of Sherwood Boyer. The Plaintiff is not represented by a lawyer. The claims are asserted on behalf of Mr. Boyer's estate, and also purportedly on behalf of the person filing suit, Ms. Erin Boyer. The Defendant has moved to dismiss with prejudice on the grounds that there was no exhaustion of administrative remedies as required by law.

Before any response to that Motion was filed, the Court held a telephone conference with defense counsel and Erin Boyer. The Court advised Ms. Boyer that the estate of Mr. Boyer had independent legal status, and while she could represent herself, as a non-lawyer, she could not represent the estate. The Court stayed the case for 60 days to let Ms. Boyer hire a lawyer.

To date, Ms. Boyer has been on radio silence with the Court. No counsel has appeared for the Plaintiff, Ms. Boyer has not advised the Court of the status of the case or any search for a lawyer, and today, in spite of the Court advising her in writing of yet another conference for this date, and the certified mail card of that notifying Order coming back seemingly signed by her, she did not appear for a phone conference with the Court to discuss the case. Further, the Court's staff left multiple phone messages at the last number Ms. Boyer had provided to the Court, all to no avail.

There may be important rights involved here, both of the estate of Mr. Boyer and of the Defendant, but Ms. Boyer is doing nothing to advance the vindication of them. She has been fully unengaged in the pursuit of this case, and apparently as to getting a lawyer to assist her. The case has been stayed for over two months.

Where, as here, there is a complete failure to prosecute the case, and that failure is attributable to the party charged with moving forward, then it may be appropriate to dismiss the case, when certain factors apply. *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). They apply here.

First, all of the delay in the prosecution of the case is attributable solely to the Plaintiff. Second, so long as the case remains open on the docket, the Defendant is obligated to keep it open on its docket, and to prepare to defend it, which leads to at least some prejudice to the Defendant. Those factors counsel in favor of dismissal, as does the fact that at least facially, it would appear that the Plaintiff's side of the case has not exhausted the necessary administrative procedures applicable to claims against the Veterans' Affairs medical system, so on the merits, it appears at least at the moment, the case will ultimately be without merit. On the other hand, the Court cannot say that the delay here stems from some sort of bad faith on the part of Ms. Boyer, but her elusiveness, and failure to simply keep the Court apprised of her efforts relative to this case comes pretty close to bad faith. Finally, the Court believes that a dismissal without prejudice would be the appropriate response to this situation, and will still preserve the ability of the Plaintiff's side of the case to engage if it gets counsel.

For these reasons, the Court Orders that this case is dismissed without prejudice.

_____
Mark R. Hornak
United States District Judge

Dated: January 25, 2017

cc: Erin Hawk Boyer (Via Certified Mail and First Class U.S. Mail)